UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUSTAQUIO CRUZ AGUIRRE (A-201-445-514),<br>Petitioner,<br>v.<br>WARDEN, CENTRAL VALLEY ANNEX DETENTION FACILITY, et al.,<br>Respondents. | No. 1:26-cv-4985 DAD CSK<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a native and citizen of Mexico, is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. As discussed below, this Court recommends that this action be dismissed as moot.

**I. BACKGROUND**

Petitioner filed his petition for writ of habeas corpus on June 29, 2026. (ECF No. 1.) On July 9, 2026, respondents filed a motion to dismiss, arguing that petitioner was subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(A) based on petitioner's conviction for possession of a controlled substance, a second degree felony. (ECF No. 7 at 1.) Petitioner did not file an opposition. (See Docket.)

///

On August 24, 2026, respondents filed a supplemental brief and notice of mootness, indicating that on or about August 1, 2026, petitioner was removed from the United States. (ECF No. 9.) Respondents requested the action be dismissed as moot. (Id.) On August 25, 2026, petitioner was granted 14 days to file a supplemental brief addressing respondents' request. (ECF No. 10.) Petitioner did not file a supplemental brief or otherwise respond to the Court's order. (See Docket.)

## II. DISCUSSION

Petitioner did not file a supplemental brief addressing respondents' request to dismiss this action as moot in light of petitioner's apparent removal from the United States. For the following reasons, this Court recommends that this action be dismissed as moot.

Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477).

The record reflects that as of August 1, 2026, petitioner was no longer in immigration custody. (ECF Nos. 9, 9-1 at 2.) Because petitioner is no longer in ICE custody, the Court finds that the petition is moot. See Abdala v. I.N.S., 488 F.3d 1061, 1064-65 (9th Cir. 2007) (holding that because Abdala's "habeas claims challenged only the length of his detention, as distinguished from the lawfulness of the deportation order . . . [h]is petition was . . . moot by his removal"); Rodriguez v. Bostock, 802 F. Supp. 3d 1297, 1311 (W.D. Wash. 2025) ("Rodriguez's individual claims are moot because he voluntarily departed the country and is no longer in DHS custody."); Hurtado Guillermo v. Warden/Facility Adm'r, 2026 WL 1155991, *1 (W.D. Wash. 2026) (petition challenging only the legality and constitutionality of Hurtado Guillermo's continued detention and seeking his immediate release from custody was moot because he "voluntarily departed the United States [and] his request for release no longer presents a 'live controversy[.]'"

(citations omitted)). In light of petitioner's departure from the United States, the Court recommends that this action be dismissed as moot.

## III. CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for a writ of habeas corpus (ECF No. 1) be dismissed as moot.
2. The Clerk of the Court be directed to enter judgment and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 10, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/cruz4985.157.2241.imm.moot